UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

_____

**AMERICAN MARINE SERVICES, INC.,**              **CIVIL ACTION**

          **Plaintiff,**              **NO: _____**

   vs.              **SECTION "__"**
                **Honorable _____**

**DAEBO INTERNATIONAL SHIPPING CO., LTD. and SHINHAN CAPITAL CO., LTD.**              **MAGISTRATE (_)**
                **Honorable _____**

          **Defendants.**

_____

## VERIFIED COMPLAINT

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

    **NOW COMES** Plaintiff, American Marine Services, Inc., through undersigned counsel, and for its Complaint against Defendants, DAEBO International Shipping Co., Ltd., formerly known as DAEBO Shipping Co., Ltd. ("DAEBO") and Shinhan Capital Co. Ltd. ("Shinhan"), alleges and pleads as follows:

### JURISDICTION AND VENUE

1.

    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This court has admiralty jurisdiction under Ariticle III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1333. The matter is instituted in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in order to obtain security and jurisdiction.

2.

Venue is proper in the Court in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, as Defendants have, upon information and belief, property in this judicial district in the form of the M/V DAEBO TRADER (IMO No. 9230153), a Korean flagged bulk carrier listed as part of DAEBO's fleet on DAEBO's website (the "Vessel"), *see* Exhibit "A," which is or will be within the jurisdiction of the Honorable Court during the pendency of this claim (upon the Mississippi River and within the vicinity of New Orleans, Louisiana).

3.

At all material times, Plaintiff was and now is a corporation organized and existing under the laws of Texas with a principal place of business at 7941 Katy Freeway, Unit 500, Houston, Texas 77024.  Plaintiff is engaged in the business of providing marine surveys to vessels engaged in maritime commerce.

4.

At all material times, Defendant DAEBO was and now is a corporation or other business existing under the laws of the Republic of Korea (also known as South Korea) or some other foreign country, having no office or place of business within this judicial district.  DAEBO owns and operates a fleet of vessels engaged in maritime commerce, one of which being the Vessel described in paragraph 2 above.  *See* Exhibit "A."  DAEBO also is the reported group owner, ship manager and operator of the Vessel according to the Lloyd's Register – Fairplay Fleet List Reported by Group Owner attached hereto as Exhibit "B."  *See also* Exhibit "C" (verifying that, on January 5, 2010, DAEBO Shipping Co., Ltd. merged with DAEBO International Shipping Co., Ltd., and that as of that date, the former company was no longer in existence and transferred

all of its assets, liabilities, and rights and duties to the latter company, meaning that DAEBO International Shipping Co., Ltd. is the successor group owner of the subject Vessel).

5.

At all material times, Defendant Shinhan was and now is a corporation or other business existing under the laws of the Republic of Korea (also known as South Korea) or some other foreign country, having no office or place of business within this judicial district. Shinhan is engaged in the business of providing credit-specialized financial services, commercial financing, corporate restructuring, and project financing services.

**OPERATIVE FACTS**

6.

Between March 2011 and February 2015, DAEBO retained Plaintiff to perform 113 marine surveys to numerous vessels owned and operated by DAEBO, which Plaintiff duly completed at various United States ports of call.

7.

Plaintiff invoiced DAEBO for each of the marine surveys referenced in the preceding paragraph, *see* Exhibit "D," *in globo*, and never received any complaint from DAEBO that the services Plaintiff provided were somehow inadequate, or that the charges reflected in Plaintiff's invoices were not in accordance with the parties' agreement.

8.

To the contrary, on several occasions DAEBO affirmatively acknowledged that the above-referenced 113 invoices, totaling $312,809.16, were valid, outstanding, and overdue, and made several promises that same would be settled, but, to date, they remains unpaid.

## FIRST CAUSE OF ACTION: BREACH OF MARITIME CONTRACT

9.

Plaintiff incorporates by reference all of the allegations alleged in paragraphs 1-8, *supra*.

10.

Each time DAEBO retained Plaintiff to perform a marine survey in respect of a vessel DAEBO owned and/or operated represented a discreet maritime contract between the parties, and all of these contracts were satisfactorily performed by Plaintiff.

11.

DAEBO's non-payment of Plaintiff's above-referenced 113 invoices constitutes a breach of the terms by which Plaintiff furnished its maritime services reflected in these invoices to DAEBO and to its vessels during the subject time period.

12.

The total amount owed to Plaintiff by DAEBO for breach of these maritime contracts is $312,809.16, plus interest.

## ALTER EGO / SINGLE BUSINESS ENTERPRISE ALLEGATIONS

13.

Plaintiff incorporates by reference all of the allegations alleged in paragraphs 1-12, *supra*.

14.

Upon information and belief, Shinhan, as registered owner of the Vessel, is merely an alter ego of DAEBO. DAEBO is the reported group owner, ship manager, and operator of the Vessel. DAEBO, therefore, is in reality the true and beneficial owner of the Vessel.

4

15.

Upon information and belief, DAEBO and Shinhan act as a single business entity, with such unity of ownership and interest that no separation exists between them. Specifically, it is believed that Shinhan has directors and subscribers that have been nominated by DAEBO for purposes of ownership confidentiality and anonymity.

16.

Upon information and belief, Shinhan is a wholly-owned subsidiary of the larger shipping group – DAEBO – and is nothing more than a bank or one-ship company vehicle set up by a bank. This is why the Vessel is listed as part of DAEBO's fleet on DAEBO's website, and why the Vessel is named the M/V *DAEBO* TRADER. *See* Exhibit "A." Accordingly, Shinhan is a "brass-plate" company created on paper to legally own the Vessel and possibly to limit liability for DAEBO, which is the "real" and/or "beneficial" owner.

17.

Thus, DAEBO ultimately owns, controls and/or dominates Shinhan in such a way that the separate corporate existence of Shinhan, and Shinhan's nominal registered ownership of the Vessel, should be disregarded.

**SUPPLEMENTAL RULE B RELIEF**

18.

Plaintiff incorporates by reference all of the allegations alleged in paragraphs 1-17, *supra*.

19.

DAEBO has breached the aforesaid maritime contracts as described above.

20.

Plaintiff avers upon information and belief that DAEBO (and Shinhan) cannot be found within this judicial district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

21.

However, upon information and belief, Plaintiff submits that DAEBO is the owner and/or beneficial owner of certain goods and chattels within this judicial district and subject to attachment including, but not limited to, the Vessel in paragraph 2 above.  *See* Exhibit "A."

22.

All and singular, the matters alleged herein are true and correct.  Plaintiff reserves the right to amend and supplement this Verified Complaint as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction issue against the M/V DAEBO TRADER and her appurtenances, and that she be seized pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and that all persons claiming any right, title or interest therein be cited to appear and to answer the matters aforesaid;

2. That, because Defendants cannot be found within the district pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, then the goods and chattels or credits and effects within the judicial district belonging to Defendants, namely the M/V DAEBO TRADER and her appurtenances, be attached in an amount sufficient to satisfy Plaintiff's claim with interest, costs and attorney fees;

3. That the Court enter judgment for Plaintiff and against the Defendants in the amount of $312,809.16 or such other amount as may be proved herein, together with interest, costs and attorney fees; and

4. That the Court grant all other and further relief as justice may require in the premises.

5. Plaintiff further agrees to release and hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the attachment herein.

Respectfully submitted,

*/s/ Andrew S. de Klerk*
Andrew S. de Klerk (LA 1045), T.A.
T. Patrick O'Leary (LA 30655)
Brandon K. Thibodeaux (LA 32725)
**FRILOT L.L.C.**
3800 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3700
Phone:  504.599.8010
Fax:  504.599.8110
adeklerk@frilot.com
poleary@frilot.com
bthibodeaux@frilot.com
**Counsel for Plaintiff,**
**American Marine Services, Inc.**

**PLEASE SERVE:**

The Master of the M/V DAEBO TRADER
at the Cargill Grain Elevator in Westwego, Louisiana